UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-197 |
| | * | |
| | * | |
| v. | * | SECTION: H(4) |
| | * | |
| BLACK ELK ENERGY OFFSHORE | * | |
| OPERATIONS, LLC, ET AL. | * | JUDGE MILAZZO |
| | * | MAG. JUDGE ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * *

**BLACK ELK'S MOTION TO DISMISS
COUNTS 1-11 FOR FAILURE TO STATE AN OFFENSE**

Defendant Black Elk Energy Offshore Operations, LLC ("Black Elk"), by and through undersigned counsel, respectfully submits this Motion to Dismiss Counts 1-11 of the pending Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).  The Indictment criminally charges Black Elk in Counts 1-11 (the manslaughter and counts based on the Outer Continental Shelf Lands Act) solely on the basis of a vicarious liability theory, *i.e.* that it is responsible for the alleged criminal actions of its purported agents, the independent contractors (not Black Elk employees) performing repairs on the West Delta 32 Platform during the period in question.  As set forth more fully in the accompanying memorandum, however, the Indictment fails to allege the proper test for the imputation of knowing and intentional criminal actions of agents upon a principal, like Black Elk here, as required by the Fifth Circuit (and other case authorities).

On the difficult and troubling question of whether and to what extent a principal can be held criminally responsible for the *intentional* criminal actions of an agent (as is alleged here), the Fifth Circuit has required the Government to allege at the pleadings stage (and prove at trial) that the principal *knew* the criminal actions of the agents were being done for it.  Put another

way, the Government may not simply allege, as the Indictment does here, that (i) the actors aboard the platform knowingly violated the law; and (ii) that those actors were Black Elk's agents. Applicable case authorities require the Government to allege (and later prove) that the principal *know* the actors' alleged intentional, criminal actions were being done for it, in order to impute those actions on the corporate defendant. Application of this rule makes all the more sense in a case like this one where Black Elk -- by the Government's own allegation -- is a *victim* (as opposed to a perpetrator) of the criminal conduct charged in the Indictment; indeed, the Government correctly notes Black Elk was required to expend nearly $10 million as a result of the explosion, which were caused by the acts of others. Because the Fifth Circuit precludes the Government's vicarious liability theory as presently alleged, Counts 1-11 of the pending Indictment should be dismissed under Rule 12(b)(3)(B)(v).

WHEREFORE, for the reasons set forth in the accompanying memorandum, Black Elk respectfully prays that the Court grant the instant Motion and dismiss Counts 1-11 of the Indictment.

Dated: March 1, 2016            Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

BY:   */s/ Matthew S. Chester*
MATTHEW S. CHESTER (# 36411)
KERRY J. MILLER (# 24562)
JOE D. WHITLEY (GA Bar No. 75615)
(admitted *pro hac vice*)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC**

## **CERTIFICATE OF SERVICE**

      IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing document has been electronically filed with the Court's CM/ECF system and served upon all counsel of record via electronic transmission on this 1st day of March, 2016.

                                    */s/ Matthew S. Chester*
                                    MATTHEW S. CHESTER