

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

AUSA Emily K. Greenfield
Assistant United States Attorney

The Poydras Center
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

Telephone: 504-680-3024
Fax: 504-589-2027

January 31, 2017

Honorable Jane Triche Milazzo
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

      Re:    **United States v. Black Elk Energy Offshore Operations, LLC**
               **Case No.: 15-197 "H"**

Dear Judge Milazzo:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Black Elk Energy Offshore Operations, LLC (hereinafter the "Company" or "defendant"). Defendant's undersigned counsel, Matthew Chester, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The Company has been charged in a Second Superseding Indictment (Rec. Doc. No. 148) with three counts of Involuntary Manslaughter (18 U.S.C. § 112), eight counts of knowingly and willfully violating the regulations promulgated under the Outer Continental Shelf Lands Act ("OCSLA," 43 U.S.C. § 1350(c)(1)), and one count of violating the Clean Water Act (33 U.S.C. §§ 1319(c)(1)(A) and 1321(b)(3)) for negligently discharging oil into the Gulf of Mexico.

      The Company understands that the maximum penalty it may face for each of the involuntary manslaughter and OCSLA counts (Counts 1 through 11) is $500,000 pursuant to Title 18, United States Code, Section 3571. The Company understands that the maximum penalty it may face for the negligent Clean Water Act violation (Count 12) is $200,000 under

Page 1 of 6

                                                                             AUSA _____
                                                                             Defendant _____
                                                        Defense Counsel _____

Title 18, United States Code, Section 3571. The Company understands that it may face up to 5 years' probation for each count.

Further, the Company understands that a mandatory special assessment fee of $400.00 is applicable for each of Counts 1-11 under the provisions of Title 18, United States Code, Section 3013. A special assessment of $125.00 is applicable for Count 12. Mandatory restitution is not applicable under Title 18, United States Code Section, 3663A for the offenses charged in the Second Superseding Indictment. To the extent any restitution is ordered under Title 18, United States Code, Section 3663, the Company agrees that it will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C), the Government and the Company agree and stipulate to the following plea and sentence in this case:

(1) The Company shall plead guilty to Counts 4-12 of the Second Superseding Indictment charging it with eight counts of violating regulations promulgated under OCSLA (43 U.S.C. § 1350(c)) and one count of negligent discharge under the Clean Water Act (18 U.S.C. §§ 1319(c)(1)(A) and 1321(b)(3)). The facts constituting these violations shall be more thoroughly described in a mutually acceptable factual basis submitted herewith;

(2) In exchange for the Company's guilty plea, the Government agrees that it will request that this Court dismiss Counts 1-3 of the Second Superseding Indictment, the Superseding Indictment, and Bill of Information pending against the Company, at the time of sentencing. The Government further agrees that it will not bring any other charges against the Company, arising from or related to any and all conduct that occurred in the Eastern District of Louisiana that was revealed by the investigation of the Company's production facility at West Delta 32 and known to the Government at the time of the signing of the plea agreement, including the activities described in paragraph (1) and more specifically set forth in the Factual Basis. Nevertheless, this plea agreement is only binding on the United States Attorney's Office for the Eastern District of Louisiana and the Environmental Crimes Section of the Department of Justice and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability (including administrative sanctions) to any individual, legal entity, or the United States;

AUSA _____
Defendant _____
Defense Counsel _____

(3) The Company and the Government agree that a monetary penalty in the amount of $4,200,000 is appropriate for this matter. Given the Company's bankruptcy, this amount will be an unsecured claim in the bankruptcy matter styled *In re Black Elk Energy Offshore Operations, LLC, et al.*, No. 15-34287 (Bankr. S.D. Tex. 2015).

(4) A special assessment of $3,325.00 shall be paid on the day of sentencing. Payment is to be made in the form of a check payable to "United States District Court Clerk."

(5) The stated $4,200,000, plus the mandatory special assessment, represents the total monetary penalty against the Company in this case pursuant to the guilty plea.

The parties have entered into this plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but may not modify its terms. If the District Court modifies any portion of this plea agreement, the parties have a right to withdraw the guilty plea. The Government believes a Rule 11(c)(1)(C) plea agreement is appropriate in this case due to the following: (a) the Company's inability to pay greater criminal penalties; and (b) the fact that the Company, due to its bankruptcy, will not re-emerge as an oil-and-gas operator or seek any new awards, leases, or contracts in the Gulf of Mexico.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal its conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that it may have the right to file collateral challenges to its conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions

AUSA _____
Defendant _____
Defense Counsel _____

of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.  Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c.  Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to its sentence of any kind; and

d.  The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws its

AUSA _____
Defendant _____
Defense Counsel _____

decision to plead guilty, its guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's possession. It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of its conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to its inclusion in the Treasury Offset Program.

AUSA _____
Defendant _____
Defense Counsel _____

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement. This plea agreement is only binding on the defendant.

Very truly yours,

DUANE A. EVANS
ACTING UNITED STATES ATTORNEY

_____  5/12/17
EMILY K. GREENFIELD         Date
Assistant United States Attorney

_____  5/12/17
KENNETH NELSON              Date
Senior Trial Attorney
Environmental Crimes Section

_____
MATTHEW CHESTER
Attorney for DEFENDANT

BLACK ELK ENERGY OFFSHORE OPERATIONS, LLC
By Richard Schmidt, Trustee for the Black Elk Liquidating Trust and Black Elk Litigating Trust
Pursuant to Chapter 11 Bankruptcy Plan for Reorganization

5/12/17
Date

6